[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16371
Non-Argument Calendar

_____

D.C. Docket  Nos. 5:12-cv-00250-WTH; 6:06-bk-03120-ABB

JAMES BRUCE  JENNINGS,

Debtor.

_____

UNITED JOINT VENTURE, LP,

Plaintiff- Appellant,

versus

EMERSON C. NOBLE,

Defendant -Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2013)

Before HULL, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

The appellant in this appeal is an unsecured creditor of a bankruptcy estate, United Joint Venture, L.P. (United). The debtor is James Bruce Jennings (Debtor). The appellee is the bankruptcy trustee, Emerson C. Nobel (Trustee).[1]

In 2011, the Trustee filed a Chapter 7 Report Of No Distribution (Report). By this, he sought to convert the case to a no asset case, to discharge his fiduciary duties, and to abandon scheduled assets back to the Debtor.

United objected to the Report on the basis that it failed to list, identify or administer a $363,698.55 Michigan Judgment against United, listed on Debtor's Schedule B (Michigan Judgment), as an asset and a liability.[2] United offered $10,000.00, for the Michigan Judgment, in settlement. Third party SCR Joint Venture, L.P. (SCR) also offered to buy the bankrupt estate's interest in the Michigan Judgment from the Trustee for $10,000.00. The Trustee refused to pursue the settlement or the purchase requests, and filed his Report.

---

[1] The Trustee did not file a brief in this appeal.

[2] The Michigan Judgment arose out of United's action against the Debtor and three other defendants in the United States District Court for the Western District of Michigan. The final judgment awarded $255,367.29, to United against the Debtor; $125,000.00 to the Debtor against United; and attorney's fees and costs to the Debtor and his co-defendants in the amount of $238,698.55, against United.

2

United objected to the Trustee's abandonment of the Michigan Judgment, arguing that this creates a potential windfall for the Debtor, to the detriment of the bankruptcy estate, and United. The bankruptcy court conducted a hearing, and, without comment, overruled United's objection to the Trustee's Report. At the hearing, the Trustee testified that the bankruptcy estate had no interest in the Michigan Judgment, scheduled by the Debtor. United argued that this was a complete reversal of the Trustee's earlier position on the issue.

United appealed the bankruptcy court's decision to the district court. The Trustee argued in his brief to the district court that he deemed the $10,000.00, in question to be inconsequential to the estate.[3] *See* 11 U.S.C. § 554(a). United argued that the bankruptcy court erred when it failed to conduct an evidentiary hearing, and made no findings of fact or conclusions of law. The district court disagreed.

The district court determined that the amount of general unsecured claims filed in Debtor's estate approximated $540,000.00. Had the entire $10,000.00,

---

[3] United claims that the Trustee did not make this argument to the bankruptcy court.

been received into the estate, for pro rata distribution to unsecured creditors,

United, and others, would have received less than two cents on the dollar.[4]

Under 11 U.S.C. § 554(a), the bankruptcy court gives deference to the

business judgment of the Trustee.  The district court found that the Trustee's

decision not to pursue the $10,000.00 as inconsequential, was made in good faith,

upon a reasonable basis, and within the scope of his authority under the

Bankruptcy Code.  We agree.

Finding no error, we affirm the judgment of the district court.

AFFIRMED.

---

[4] This estimated sum is calculated before any trustee's fees, attorney's fees and costs to be incurred in the distribution.

4